## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAJUAN SAUNDERS, | : | No. 3:25cv265 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Chief Magistrate Judge Bloom) |
| CITY OF SCRANTON, et al., | : | |
| Defendants | : | |

## MEMORANDUM ORDER

Before the court is the second report and recommendation ("Second R&R") issued by United States Chief Magistrate Judge Daryl F. Bloom following his screening of Plaintiff DaJuan Saunders's *pro se* amended complaint pursuant to 28 U.S.C. § 1915(e)(2) and his review of Defendants City of Scranton, Sergeant A. Shields, Timothy Merkel, and John Megivern's motion to dismiss. (Doc. 20, Second R&R at 5-8). The Second R&R recommends dismissing Saunders's amended complaint and his remaining claims with prejudice. (Id. at 11). It further recommends denying defendants' motion to dismiss as moot. (Id.)

By way of brief background, Saunders commenced this action on February 12, 2025 by filing a *pro se* complaint. (Doc. 1). Chief Magistrate Judge Bloom issued an R&R ("First R&R") recommending that plaintiff's motion for leave to proceed *in forma pauperis* be granted and that the complaint be served upon Defendants City of Scranton, Lackawanna County, Merkel, Shields, and Megivern. (Doc. 7, First R&R at 4). The First R&R concluded that the initial

complaint plausibly alleged several claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against certain defendants.  Specifically, the First R&R recommended that Saunders's First Amendment retaliation claims against Defendants Merkel, Shields, and Megivern proceed, as well as plaintiff's failure-to-intervene claim against Defendant Merkel. (Id. at 9–12).  The First R&R also recommended allowing plaintiff's municipal liability claims against Defendants City of Scranton and Lackawanna County to proceed pursuant to the principles set forth in Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978) and its progeny. (Id. at 12–13).

The First R&R, however, recommended dismissal of Saunders's remaining claims, including: 1) Section 1983 conspiracy and defamation claims; 2) race discrimination claim under 42 U.S.C. § 1981 ("Section 1981"); 3) Eighth Amendment claim alleging cruel and unusual punishment; and 4) Equal Protection claim. (Id. at 15–20).  Chief Magistrate Judge Bloom further recommended dismissal of Defendant Paige Cognetti (the mayor of the City of Scranton) and Defendants Christopher Chermak, William Gaughan, and Matthew McGloin (the current or former Commissioners of Lackawanna County) from this action because the complaint failed to assert facts demonstrating their personal involvement in any constitutional violation. (Id. at 14).

2

Additionally, the First R&R recommended granting Saunders leave to amend the complaint as to the claims and defendants dismissed within twenty (20) days. (Id. at 21).  Saunders filed objections (Doc. 8).  The undersigned overruled those objections and adopted the First R&R in its entirety. (Doc. 10).

Saunders thereafter filed an amended complaint. (Doc. 17).  Chief Magistrate Judge Bloom observes in the Second R&R that the amended complaint substantially narrows the scope of this litigation.  (Doc. 20, Second R&R at 3-4).  Rather than reasserting the claims that survived the First R&R, plaintiff alleges only a single claim under the Equal Protection Clause of the Fourteenth Amendment against some of the defendants. (Id. at 3 n. 14).  As the R&R points out, the amended complaint does not reassert plaintiff's Section 1981 or Eight Amendment claims, nor does it set forth any claims against Defendants Cognetti, Chermak, Gaughan, and McGloin. (Id. at 3-4 n. 14).  According to the Second R&R, Saunders's sole remaining Equal Protection claim fails as a matter of law. (Id. at 9-10).  Chief Magistrate Judge Bloom therefore recommends dismissal of that claim, dismissal of Saunders's remaining claims with prejudice, and denial of Defendants' motion to dismiss as moot. (Id. at 5, 11).

Saunders has objected to the Second R&R by filing a document entitled, "Objection to the Dismissal of First Amendment, Failure to Intervene, and Monell Claims." (Doc. 21 at ECF p. 1).  In his objections, Saunders characterizes the

omission of his previously surviving claims from the amended complaint as a "procedural misunderstanding." (Id. at ECF p. 3). He therefore requests leave to file a second amended complaint that reincorporates the claims permitted to proceed under the First R&R together with the Equal Protection claim asserted in the amended complaint. (Id.) Saunders also contends that his Equal Protection claim is legally sufficient and should proceed. (Id.)

Defendants City of Scranton, Shields, Merkel, and Megivern filed a brief in opposition to Saunders's objections. (Doc. 22). Those defendants urge the court to adopt the Second R&R in its entirety and dismiss plaintiff's remaining claims with prejudice. (Id. at 7).

After obtaining leave of court, Saunders then filed a response to the brief in opposition. (Doc. 26).

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

For ease of disposition, the court first addresses plaintiff's Equal Protection claim before turning to his request for leave to amend.

## 1. Equal Protection under the Fourteenth Amendment

The Second R&R concludes that Saunders's Equal Protection claim fails as a matter of law. According to the amended complaint, Saunders, a Black male inmate, alleges that he has been subjected to racial discrimination. Chief Magistrate Judge Bloom explains, however, that Saunders attempts to support his claim by relying almost exclusively on allegations concerning an entirely separate and unrelated lawsuit brought by two former White female police officers against the City of Scranton. (Doc. 20, Second R&R at 9-10). As the Second R&R correctly observes, the amended complaint contains no factual allegations plausibly suggesting that those individuals were similarly situated to Saunders in any relevant respect. Accordingly, Chief Magistrate Judge Bloom Saunders observes that plaintiff fails to satisfy the similarly situated requirement necessary to state an Equal Protection claim. (Id. at 10).

In his objections, Saunders argues that the allegations concerning the former officers demonstrate a broader pattern in which the City of Scranton treated White litigants with respect while subjecting Black litigants to racial slurs and denying them medical care. (Doc. 21 at ECF p. 3).

5

The Fourteenth Amendment prohibits a state from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. CONST. AMEND XIV, §1. The Equal Protection Clause directs that "all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). To succeed with a Section 1983 claim for a denial of equal protection, a plaintiff must prove the existence of purposeful discrimination and demonstrate that he received different treatment from that received by other individuals similarly situated. Chambers ex rel. Chambers v. Sch. Dist. Of Philadelphia Bd Of Educ., 587 F.3d 176, 196 (3d Cir. 2009).

"[S]imilarly situated" does not mean "identically situated." Bennun v. Rutgers State Univ., 941 F.2d 154, 178 (3d Cir. 1991), abrogated on other grounds by St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515-16 (1993). Nonetheless, persons are similarly situated under the Equal Protection clause only when they are alike "in all relevant respects." Harvard v. Cesnalis, 973 F.3d 190, 205 (3d Cir. 2020) (quoting Nordlinger v. Hahn, 505 U.S. 1, 10 (1992)). Consequently, "an equal protection challenge must allege more than 'broad generalities' in identifying a comparator." Stradford v. Sec'y Pennsylvania Dep't of Corr., 53 F.4th 67, 74 (3d Cir. 2022). Indeed, "the failure to identify similarly situated persons dooms an equal-protection claim." Id. (citing Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006)).

6

The court is in agreement with Chief Magistrate Judge Bloom's analysis. Beyond alleging that two White female officers filed a lawsuit against the City of Scranton, the amended complaint contains no factual allegations from which the court could reasonably infer that those individuals were similarly situated to plaintiff in any relevant respect. The former officers allegedly experienced sexual harassment in the workplace, whereas Saunders alleges racial discrimination and denial of medical care during incarceration. These are materially different circumstances, and the amended complaint provides no factual basis for concluding otherwise. (See Doc. 20, Second R&R at 10). Accordingly, Saunders has failed to state an Equal Protection claim.

The court also agrees with the Second R&R that this claim should be dismissed with prejudice. Saunders was previously afforded an opportunity to cure the pleading deficiencies identified in the First R&R, however, he has failed to do so. Because further amendment would be futile, dismissal with prejudice is warranted.

## 2. Leave to File Second Amended Complaint

The remaining issue concerns the claims that survived screening in the First R&R. Those claims include Saunders's First Amendment retaliation claims, failure-to-intervene claim, and municipal liability claims under Monell. The

Second R&R recommends dismissal of those claims because Saunders has not reasserted them in his amended complaint. (Id. at 10-11).

Saunders, on the other hand, argues that he never intended to abandon those claims. (Doc. 21 at ECF p. 2). Rather, he explains that he misunderstood the court's order adopting the First R&R. (Id. at ECF p. 3). According to Saunders, he believed that his original complaint remained operative as to the claims that had survived screening and that the amended complaint was intended only to address the claims and defendants that had been dismissed. (Id. at ECF p. 2).

The order adopting the First R&R stated:

> As indicated above, however, Saunders will be granted leave to file an amended complaint regarding the dismissed claims and defendants. If Saunders chooses to file an amended complaint, it should be a stand-alone document, complete in itself and without reference to any previous pleadings. The amended complaint should set forth plaintiff's claims in short, concise, and plain statements, and in sequentially numbered paragraphs. Any amended complaint must address the pleading deficiencies identified in the R&R.

(Doc. 10, Order at 5).

Although an amended complaint ordinarily supersedes the original complaint, the court recognizes that Saunders is proceeding *pro* se, and *pro se* filings are to be liberally construed. See Erickson v. Pardus, 551 U.S. 89, 94,

8

(2007).   In light of Saunders's explanation and the procedural posture of this case, the court finds that his omission of the previously surviving claims stemmed from a genuine misunderstanding rather than an intent to abandon them. Accordingly, the court will afford Saunders one final opportunity to amend.

Within twenty (20) days of the date of this order, plaintiff may file a second amended complaint.  The second amended complaint must be a complete, stand-alone pleading that includes every claim Saunders intends to bring against every defendant he contends is liable.  Plaintiff may certainly reassert the claims that survived screening in the First R&R, provided they are properly pleaded.[1] Specifically, Saunders may reassert his: 1) First Amendment retaliation claims against Defendants Merkel, Shields, and Megivern; 2) failure-to-intervene claim against Defendant Merkel; and 3) municipal liability claims against Defendants City of Scranton and Lackawanna County.  Any claim that Saunders intends to pursue but fails to include in the second amended complaint will be deemed abandoned.

---

[1] Three months after filing his response to the brief in opposition, and without leave of court, Saunders filed a second amended complaint. (Doc. 28). In response, Defendants Merkel, Megivern, and Isaac Troutman moved to strike the second amended complaint. (Doc. 29).

The court need not address the sufficiency or plausibility of that pleading.  In light of the court's rulings in this memorandum order, the second amended complaint will not be considered and the motion to strike will be denied as moot.

9

Saunders may not, however, reassert his Equal Protection claim, which will be dismissed with prejudice. Nor may Saunders revive the claims previously dismissed in the First R&R, including his Section 1983 conspiracy and defamation claims, Section 1981 claim, and Eighth Amendment claim. Those claims were previously dismissed with leave to amend. Although plaintiff elected to file an amended complaint, he did not reassert those claims. Accordingly, the court concludes that Saunders has abandoned them, and they may not be reasserted in the second amended complaint.

### 3. Appointment of Counsel

Saunders also requests that the court appoint *pro bono* counsel to represent him in this matter. (Doc. 26 at ECF p. 3).

Civil litigants have no constitutional or statutory right to appointed counsel. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). However, under 28 U.S.C. § 1915(e)(1), the court has broad discretion to request counsel to represent an indigent civil litigant. Houser v. Folino, 927 F.3d 693, 698 (3d Cir. 2019) (citing Tabron, 6 F.3d at 153)). The court must first determine as a threshold matter whether Saunders's claims have "arguable merit in fact and law." Tabron, 6 F.3d at 155. As discussed at length above, that threshold requirement is satisfied here. Consequently, the court must consider the following non-exhaustive factors:

10

1) The plaintiff's ability to present his or her own case;

2) The complexity of the legal issues;

3) The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

4) The amount a case is likely to turn on credibility determinations;

5) Whether the case will require the testimony of expert witnesses; and

6) Whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457–58 (citing Tabron, 6 F.3d at 155-56, 157 n.6)); see also Houser, 927 F.3d at 698 (holding that Tabron applies to successive requests for counsel).

The court is also mindful that volunteer lawyer time is a limited resource. As the Third Circuit observed in Tabron, every appointment of counsel necessarily reduces the availability of volunteer counsel for other litigants. 6 F.3d at 157. Therefore, courts should exercise their discretion to appoint counsel sparingly.

After considering the Tabron factors, the court concludes that appointment of counsel is not warranted at this stage of the litigation. Saunders explains that the Lackawanna County prison has disabled the law library computers and printers. (Doc. 26 at ECF p. 3). Saunders further contends that he has not received legal assistance in this matter. (Id.) Although the court does not

discount these challenges, they do not, standing alone, justify the appointment of counsel under Tabron.

Saunders's filings demonstrate that he is capable of presenting his claims and advocating on his own behalf.  His submissions are organized, cite the Constitution and relevant legal authorities, and reflect an understanding of the claims asserted.  Moreover, the legal issues raised by the plaintiff are not overly complex. There appears to be little need for an extensive factual investigation as the plaintiff was present during the events giving rise to his claims.  Accordingly, any investigation into the facts appears relatively limited.

Although the case may ultimately involve credibility determinations, that consideration alone does not warrant the appointment of counsel.  Finally, nothing presently before the court suggests that expert testimony will be necessary.

With one exception, the Tabron factors weigh against appointing counsel. The sole factor weighing in plaintiff's favor is his indigency and corresponding inability to retain counsel.  Nevertheless, it remains possible that Saunders could secure representation on a contingent-fee basis.

After balancing the Tabron factors, the court concludes that appointment of counsel is not appropriate at this time.  Saunders's request for the appointment of counsel will therefore be denied.

Thus, for the reasons set forth above, it is hereby **ORDERED** as follows:

1) Plaintiff's objections to the Second R&R, (Doc. 21), are **SUSTAINED IN PART** with respect to his leave to amend and **OVERRULED** in all other respects;

2) The Second R&R, (Doc. 20), is **ADOPTED IN PART and NOT ADOPTED IN PART**;

   a. The Second R&R is **ADOPTED** as to Saunders's: 1) Section 1983 conspiracy and defamation claims; 2) Section 1981 claims; 3) Eighth Amendment claims; and 4) Equal Protection claims.  Those claims are **DISMISSED WITH PREJUDICE**;

   b. The Second R&R is **ADOPTED** as to denying Defendants City of Scranton, Shields, Merkel, and Megivern's motion to dismiss, (Doc. 18), as moot;

   c. The Second R&R is **NOT ADOPTED** as to denying Saunders's request for leave to file a second amended complaint and dismissing with prejudice his: 1) First Amendment retaliation claims against Defendants Merkel, Shields, and Megivern; 2) failure-to-intervene claim against Defendant Merkel; and 3) municipal liability claims against Defendants City of Scranton and

Lackawanna County;  Saunders may assert these claims in a second amended complaint;

3) Within twenty (20) days of this order, plaintiff may file a second amended complaint that complies with this memorandum order.  The second amended complaint shall include all claims Saunders intends to pursue against all defendants he alleges are liable; however, Saunders may not reassert his 1) Section 1983 conspiracy and defamation claims; 2) Section 1981 claims; 3) Eighth Amendment claims; and 4) Equal Protection claims;

4) Saunders's failure to follow the court's directive regarding the filing of a second amended complaint will result in dismissal of this action with prejudice;

5) Saunders's request for the appointment of counsel is **DENIED**;

6) Defendants Merkel, Megivern, and Troutman's motion to strike, (Doc. 29), is **DENIED** as moot, and

7) This matter is referred to a United States Magistrate Judge for further pretrial management.

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

7/16/26

14